No. 18,184.

PULLEN MOTORS, INC. *v.* NEAL THOMPSON.
(331 P. [2d] 1102)

Decided November 24, 1958.

Mr. WAINO W. JOHNSON, Mr. EARL W. HAFFKE, for plaintiff in error.

Mr. J. CORDER SMITH, Mr. SHELDON W. GREENE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court, and we will refer to them as they there appeared.

Plaintiff sought recovery of $613.75, together with interest and attorney's fees, alleging that said sum was due plaintiff as the balance on a promissory note exe-

cuted by defendant and secured by a chattel mortgage on a Mercury automobile; that said automobile was repossessed under its chattel mortgage and sold by plaintiff, leaving unpaid the sum sought. Issue was joined and the facts were stipulated as follows:

"That the plaintiff put said automobile on its used car lot for resale and that it listed same for sale at Two Thousand Two Hundred Ninety-five and no/100 Dollars ($2295.00); and that one Edward Loose purchased said repossessed automobile by paying Fourteen Hundred and no/100 Dollars ($1400.00) cash money and a 1951 Lincoln Capri.

"'That on October 29, 1955, six (6) days after said transaction, the 1951 Lincoln Capri was sold at the Denver Auto Auction for the sum of Three Hundred sixty-two and no/100 Dollars ($362.00) being the highest figure bid for same; and that the National Automobile Dealers' used car guide listed this make and model in "average as is" condition at the sum of Six Hundred Ten and no/100 Dollars ($610.00)."

When defendant turned the Mercury over to plaintiff the indebtedness was $2,300.00.

■ A review of the authorities discloses that it is generally held, in the absence of qualifying words or special circumstances from which an intent to confer a power of exchange can be inferred, that a power of sale does not include a power of exchange. 63 A.L.R. 1004.

"A power of sale is automatically held to confer no right to barter or exchange the property for anything other than money, except perhaps, where the goods bartered for are taken in at a cash valuation and credited on the debt. Further, the sale is ordinarily required to be for cash and not for credit." 11 C.J. 710.

Plaintiff's complaint sets out the terms of the chattel mortgage under which it sold the Mercury car. Therein it was specifically provided "Out of the money arising from such sale" there should be first paid all costs and charges of conducting the sale, etc. secondly to apply

the "money arising from the sale" on the balance due on defendant's note, and the balance, if any, shall be paid to the mortgagor. Nothing appears in this record to indicate the mortgagor, by contract, waiver or special circumstances, consented to a sale of the Mercury for anything except "money."

Based on the pleadings and the stipulation of facts entered into by the parties, the trial court entered judgment in favor of plaintiff for $56.00, the amount defendant admitted to be due plaintiff, with interest, costs and an attorney's fee in the sum of $8.90.

It was incumbent on plaintiff to make a case under its complaint. A careful consideration of the record convinces us that the judgment of the trial court is correct and it is affirmed.